IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HENRY FLOYD LOVE JR.,            )
                                 )
          Plaintiff,             )
                                 )
v.                               )   Case No. CIV-05-1055-M
                                 )
STATE OF OKLAHOMA and            )
JOHN WHETSEL,                    )
                                 )
          Defendants.            )

## **REPORT AND RECOMMENDATION**

In prior proceedings, Mr. Henry Love sought federal habeas relief through intervention in ongoing state court proceedings and access to a law library. The Court abstained on the claims involving pending state court proceedings and allowed the Plaintiff to amend his petition to assert a civil rights claim involving access to the law library.[1] Instead, Mr. Love filed a new action under the guise of 42 U.S.C. § 1983.[2] The Plaintiff reasserts the same claims involving pending state court proceedings and access to a law

---

[1] Report and Recommendation, *Love v. State of Oklahoma*, Case No. CIV-05-545-M (W.D. Okla. May 27, 2005), *adopted*, Order (June 22, 2005).

[2] For jurisdiction Mr. Love has also invoked 28 U.S.C. § 1343(3) and 28 U.S.C. § 2241, 2254, or 2255. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 2 (Sept. 12, 2005).

library. The Court should *sua sponte* dismiss the claims[3] involving pending state court proceedings.[4]

## Analysis

Facing a prosecution for "indecent or lewd acts with [a] child under [sixteen]," Mr. Love alleges: (1) inability to confront his accuser during the preliminary hearing, and (2) constitutional violations in a search.[5]

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court stated that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings are ongoing, offer an adequate forum for the plaintiff's federal claims, and implicate important state interests.[6] An exception exists for "bad faith or harassment," prosecution under a statute that is "'flagrantly and patently'" unconstitutional, or other "extraordinary circumstances" involving irreparable injury.[7]

Mr. Love has not alleged any new facts which would trigger one of these exceptions. For example, Mr. Love has not alleged bad faith, harassment, the unconstitutionality of the

---

[3] *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *Morrow v. Winslow*, 94 F.3d 1386, 1390 (10th Cir. 1996); *Friedman v. Board of County Commissioners*, 781 F.2d 777, 791 n.4 (10th Cir. 1985) (*en banc*).

[4] The undersigned is contemporaneously ordering supplemental submissions on whether Mr. Love has exhausted available administrative remedies on the claim involving access to the law library.

[5] Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 2-4 (Sept. 12, 2005).

[6] *Younger v. Harris*, 401 U.S. at 43.

[7] *See Younger v. Harris*, 401 U.S. at 46-55 (citation omitted).

statute governing lewd acts with a child, or other extraordinary circumstances involving irreparable injury. Accordingly, the Court should again abstain on these claims, summarily dismissing them without prejudice.[8]

## Recommendation and Notice of Right to Object

The Court should abstain on Mr. Love's claims relating to his pending criminal charges. Those claims should be summarily dismissed without prejudice.

The Plaintiff has the right to object to this report and recommendation.[9] Such objections must be filed with the Court Clerk for the United States District Court.[10] The deadline for objections is October 10, 2005.[11] The failure to timely object to this report and recommendation would waive the Plaintiff's right to appellate review of the suggested ruling.[12]

## Status of the Referral

The referral to the undersigned is not terminated.

---

[8] *See Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996) (remanding with instructions for the district court to dismiss an action without prejudice under *Younger*); *see also American Constitutional Law Foundation, Inc. v. Meyer*, 113 F.3d 1245, 1997 WL 282874, Westlaw op. at 4 (10th Cir. May 29, 1997) (unpublished op.) (*per curiam*) ("Abstention under *Younger v. Harris* . . . results in outright dismissal rather than postponement.").

[9] *See* 28 U.S.C. § 636(b)(1) (2000).

[10] *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999).

[11] *See* W.D. Okla. LCvR 72.1(a).

[12] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Entered this 20th day of September, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge