IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HENRY FLOYD LOVE JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-1055-M |
| | ) |
| STATE OF OKLAHOMA and | ) |
| JOHN WHETSEL, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

The Plaintiff is a pretrial detainee claiming a lack of access to the courts.[1] Mr. Whetsel filed a motion to dismiss, which the Court has treated as a motion for summary judgment.[2] The Court should grant Defendant Whetsel's motion for summary judgment and *sua sponte* dismiss without prejudice the claim against the State of Oklahoma based on a lack of subject-matter jurisdiction.[3]

CLAIMS AGAINST JOHN WHETSEL

Mr. John Whetsel is entitled to summary judgment.

---

[1] The Court has previously dismissed Mr. Love's claims involving pending state court proceedings. Order (Feb. 6, 2006) (Miles-LaGrange, J.).

[2] Order at pp. 1-2 (Feb. 24, 2006); *see* Fed. R. Civ. P. 12(b).

[3] The State of Oklahoma seeks dismissal for failure to state a valid claim and improper service. Special Appearance and Motion to Dismiss by the State of Oklahoma and Brief in Support (Feb. 14, 2006). The Court need not address these arguments in light of the absence of subject-matter jurisdiction.

I.      STANDARD FOR SUMMARY JUDGMENT

Summary judgment is necessary when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4]  When only one reasonable outcome exists, summary judgment is necessary.[5]

II.     THE PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM

Mr. Love alleges that he had sought access to the Oklahoma County Jail law library on December 6, 2004, to "challenge his unlawful confinement [and] prepare his pre-trial defense strategy."[6]  Defendant Whetsel does not dispute the denial of access to a law library on this date.[7]  But Mr. Whetsel presented undisputed evidence of 24-hour access to an attorney,[8] whose legal representation involved the same matters that Mr. Love wanted to research at the law library.[9]  As a matter of law, the ability to communicate with the lawyer constituted adequate access to the courts.

---

[4]     Fed. R. Civ. P. 56(c).

[5]     *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[6]     Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 4 (Sept. 12, 2005) ("Complaint").

[7]     *See* Motion to Dismiss by Sheriff John Whetsel with Special Report Attached and Brief in Support at pp. 1-2 (Feb. 17, 2006).

[8]     *See* Motion to Dismiss by Sheriff John Whetsel with Special Report Attached and Brief in Support, Exhibit 1 at p. 1 (Feb. 17, 2006).

[9]     Response to the Defendants [sic] Motions to Dismiss at p. 3 (Apr. 10, 2006).

The Fourteenth Amendment guarantees Mr. Love "the right to 'adequate, effective, and meaningful' access to the courts."[10] But the right to access the courts does not create an absolute entitlement to a law library.[11] In its absence, access to trained legal assistance is constitutionally sufficient.[12]

The complaint reflects legal representation on the date in question,[13] and the Plaintiff does not dispute that he had 24-hour access to his attorney. With this access, the Sheriff is entitled to judgment despite Mr. Love's inability to use a law library.

CLAIMS AGAINST THE STATE OF OKLAHOMA

The State of Oklahoma seeks dismissal based on improper service and a lack of participation in the Oklahoma County Jail administration.[14] But the claims against the state are foreclosed in federal court under the Eleventh Amendment.[15]

---

[10] *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993).

[11] *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (availability of law libraries is "merely 'one constitutionally acceptable method to assure meaningful access to the courts'" (citation omitted)).

[12] *See Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1107 (10th Cir. 2005); *see also Love v. Summit County*, 776 F.2d 908, 914-15 (10th Cir. 1985) (inmate in county jail was not denied access to courts despite the county's refusal to allow a visit to the law library when the inmate had access to an attorney).

[13] *See* Complaint, *passim*.

[14] *See* Special Appearance and Motion to Dismiss by the State of Oklahoma and Brief in Support (Feb. 14, 2006); *supra* note 3.

[15] *See Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 389 (1998) (holding that the court can *sua sponte* consider Eleventh Amendment immunity).

The Eleventh Amendment implicates the Court's subject-matter jurisdiction.[16] On this issue, Mr. Love bears the burden.[17]

Under this amendment, the State of Oklahoma enjoys immunity from suit in federal court.[18] The State of Oklahoma has not waived its immunity,[19] requiring dismissal without prejudice under the Eleventh Amendment.[20]

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should grant Mr. Whetsel's motion for summary judgment. The claims against the State of Oklahoma should be dismissed without prejudice.

---

[16]    *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002 ) ("an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court" (citation omitted)).

[17]    *See Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[18]    *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) ("the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state . . ., and applies 'whether the relief sought is legal or equitable'" (citations omitted)).

[19]    *See* Okla. Stat. tit. 51 § 152.1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution").

[20]    Eleventh Amendment immunity forecloses suit in federal court, but does not bar litigation in state court. *See State of Maine v. Thiboutot*, 448 U.S. 1, 9 n.7 (1980). Thus, dismissal on grounds of the Eleventh Amendment should ordinarily be without prejudice to assertion of the claim in state court. *See Divine Church of God and Christ v. Taxation & Revenue Department*, 116 F.3d 1489, 1997 WL 355326, Westlaw op. at 2 (10th Cir. June 27, 1997) (unpublished op.) (remanding with instructions to dismiss claims, without prejudice, based on the Eleventh Amendment).

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by May 9, 2006.[21] The failure to timely object would foreclose appellate review of the suggested rulings.[22]

## STATUS OF REFERRAL

The referral is terminated.

Entered this 19th day of April, 2006.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[21]   *See* W.D. Okla. Local Civil Rule 72.1(a).

[22]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").